IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| JESSE WAYNE SHOUPE, | CV 22-67-M-DLC-KLD |
| Plaintiff, | |
| vs. | ORDER and FINDINGS AND RECOMMENDATION |
| STATE OF MONTANA et al., | |
| Defendants, | |

On March 31, 2022, pro se Plaintiff Jesse Wayne Shoupe filed a motion for leave to proceed in forma pauperis (Doc. 1) and lodged a complaint against the State of Montana; Leslie Haligan [*sic*]; Dave Story; Mrs. Evans; Montana Department of Health and Human Services; First American Titles; Child Support Enforcement;   Title Company Next to Southgate Mall; Rosenberg Law Firm; Montana Department of Motor Vehicles; Montana Fish, Wildlife, and Parks; Shodair Children's Hospital; Deputy Spencer; and Melissa Marie Baker. (Doc. 2)

## I.     Motion to Proceed In Forma Pauperis

Under 28 U.S.C. § 1915(a), a civil proceeding may be commenced without prepayment of fees upon filing an affidavit showing inability to pay. On March 31,

1

2022, Plaintiff completed an "Application to Proceed in District Court without Prepaying Fees or Costs." (Doc. 1). The information provided in the application is sufficient to make the showing required by 28 U.S.C. § 1915(a) and the Court grants his request to proceed in forma pauperis.

## II.     Screening Requirement

Because Plaintiff is proceeding in forma pauperis, the Court must review his Complaint to determine if the allegations are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. If so, the Complaint must be dismissed. 28 U.S.C. § 1915(e)(2).

Dismissal for failure to state a claim is appropriate when the complaint "either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013) (quoting *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008)). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief.," *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)), and "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A plausibility determination is context specific, and courts must draw on judicial experience and common sense in evaluating a complaint. See *Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1135 (9ht Cir. 2014).

Where, as here, the plaintiff is proceeding pro se, the court has an obligation "to construe the pleadings liberally and to afford the [plaintiff] the benefit of any doubt." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). But even where the plaintiff is proceeding pro se, the complaint should be dismissed if it appears "beyond a doubt that the plaintiff can prove no set of facts in support of [her] claim." See *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1997). A pro se plaintiff must be given leave to amend unless it is "absolutely clear that the deficiencies of the complaint cannot be cured by amendment." *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007). If it clear that the complaint's deficiencies cannot be cured by amendment, dismissal without leave to amend is appropriate. See e.g. *Chaset v. Fleer/Skybox Int'l*, 300 F.3d 1083, 1088 (9th Cir. 200); *Klamath-Lake Pharmaceutical Ass'n v. Klamath Medical Services Bureau*, 701 F.2d 1276, 1293 (9th Cir. 1983).

//

### III.   Plaintiff's Allegations

On March 31, 2022, Plaintiff completed a Complaint for a Civil Case form and lodged it with the Court. (Doc. 2). Plaintiff invokes the Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331. (Doc. 2, at 4). In the space provided for listing the specific federal statutes, treaties, and/or provisions of the United States Constitution that are at issue, Plaintiff does not identify a specific statute but lists the following: "Due Process, Jurisdiction, Malice Loss of property, Human exploitation child labor, Iter state [*sic*] commerce Unequal protection of the Law, depriving of property." (Doc. 2, at 4).

In the Statement of Claim section of the Complaint form, which asks for a short and plain statement of the claim, and description of the facts showing that the plaintiff is entitled to relief, Plaintiff alleges as follows:

> (1) The State of Montana has taken my children, Blocked me from my land and used (2) Fraud and Judiciary as well as law enforcement (3) tax agencies and (4) Federal Funding to (5) cause undue burden as well as holding my court proceedings without due process (6) hindering interstate commerce (7) Judicial kidnapping (8) child labor (9) human exploitation (10) wrongful imprisonment.

(Doc. 2 at 5). In the Relief section of the Complaint form, which asks for a statement of precisely what damages or other relief the plaintiff asks the court to

order, Plaintiff asks for: "Return of all property, known and not known to me and $14,000,000.00" (Doc. 2 at 5).

## IV.   Analysis

Liberally construed, Plaintiff's Complaint can be read as attempting to allege claims under 42 U.S.C. § 1983, which "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. To state a claim under § 1983, "a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Assuming Plaintiff meant to identify 42 U.S.C. § 1983 as the statutory basis for his lawsuit, he fails to state a claim for relief. While Plaintiff refers generally to "Due Process" and "Unequal protection of the Law," he does not identify what specific constitutional or statutory rights he believes were violated, and does not allege any supporting facts. Plaintiff does not clearly identify the Defendants he aims to sue, does not identify which Defendants allegedly violated those rights, how they allegedly violated his rights, or when they might have done so. See *Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976). Plaintiff's bare and conclusory references

5

to "due process" and equal protection, without any meaningful supporting factual allegations, are not sufficient to state a claim for relief under § 1983. Plaintiff does not identify any other statutory or legal basis for any claim, or plausibly allege sufficient facts to support such a claim.

In addition, to the extent Plaintiff names the State of Montana and various state agencies as defendants, these entities are not subject to suit under § 1983. See *Will   v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989) (a state is not a "person" for purposes of § 1983 liability); *Howlett v. Rose*, 496 U.S. 356, 365 (1990) (a governmental agency that is an arm of the state is not person for purposes of § 1983). Therefore, Plaintiff cannot state a cognizable § 1983 claim against the State of Montana, the Montana Department of Public Health and Human Services, the Child Support Enforcement Division of the Montana Department of Public Health and Human Services, the Montana Department of Motor Vehicles, or the Montana Department of Fish, Wildlife, and Parks.

Plaintiff also names four apparently private entities as defendants: First American Titles, Title Company Next to Southgate Mall, Rosenberg Law Firm, and Shodair Children's Hospital. Private entities are generally not liable under § 1983 because they do not act under color of state law. *Florer v. Congregation Pidyon Shevuim, N.A.*, 639 F.3d 916, 922 (9th Cir. 2011). Plaintiff has not pled any

6

facts demonstrating that these defendants are state actors as required to state a claim under § 1983, or offered any conceivable theory pursuant to which they could be liable under § 1983 or any other federal statute.

Even construing the Complaint liberally in Plaintiff's favor, the Court cannot identify any viable federal claims arising out of the bare allegations in the Complaint. Amendment would be futile. The Complaint should be dismissed for failure to state a claim on which relief may be granted.

For the reasons discussed above, the Court enters the following:

## ORDER

IT IS ORDERED that Plaintiff's motion to proceed in forma pauperis (Doc. 1) is GRANTED and the filing fee is waived. The Complaint is deemed filed on March 31, 2022.

## RECOMMENDATION

IT IS RECOMMENDED that:

1.      Plaintiff's Complaint (Doc. 2) be DISMISSED WITH PREJUDICE for failure to state a claim on which relief may be granted.

2.      The Court should CERTIFY, pursuant to Federal Rule of Appellate Procedure 24(a)(4)(B), that any appeal from this disposition would not be taken in

good faith. The Court should direct the Clerk to enter, by separate document, a judgment of dismissal.

## NOTICE OF RIGHT TO OBJECT
## TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Plaintiff may object to this Findings and Recommendation within 14 days. See 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal

Plaintiff must immediately advise the Court of any change in his mailing address. Failure to do so may result in dismissal of this action without notice to him.

DATED this 31st day of May, 2022.

_____
Kathleen L. DeSoto
United States Magistrate Judge