IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| JESSE WAYNE SHOUPE, | CV 22–67–M–DLC–KLD |
| Plaintiff, | |
| vs. | ORDER |
| STATE OF MONTANA, et al., | |
| Defendants. | |

Before the Court is United States Magistrate Judge Kathleen L. DeSoto's Order and Findings and Recommendation regarding Plaintiff Jesse Wayne Shoupe's complaint. (Doc. 4.) Judge DeSoto recommends that Mr. Shoupe's complaint be dismissed with prejudice for failure to state a claim on which relief may be granted. (*Id.* at 7.) The Court agrees and will adopt Judge DeSoto's Findings and Recommendation in full.

A party is only entitled to de novo review of those findings to which he or she specifically objects. 28 U.S.C. § 636(b)(1)(C). In the absence of an objection, this Court reviews findings for clear error. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985). Clear error review is "significantly deferential" and exists when the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted).

1

Judge DeSoto's Findings and Recommendation notified Mr. Shoupe of his right to object to her conclusions (Doc. 4 at 8), but he did not object.

Reviewing for clear error, the Court finds none. This Court agrees with Judge DeSoto that the complaint fails to state a claim on which relief can be granted, even construed as liberally as possible considering Mr. Shoupe's pro se status, because he "does not clearly identify the Defendants he aims to sue, does not identify which Defendants allegedly violated [his] rights [secured by the Constitution or laws of the United States], how they allegedly violated his rights, or when they might have done so." (*Id.* at 5.) The Court also agrees that, to the extent he names the State of Montana and state agencies as defendants, those entities are not subject to suit under 42 U.S.C. § 1983. (*Id.* at 6.) The Court further agrees that he fails to state a claim against the four private entities he names as defendants because he has not alleged any facts demonstrating that these entities are state actors, as required to state a claim under § 1983. (*Id.* at 6–7.) Finally, the Court agrees that amendment would be futile. (*Id.* at 7.)

Accordingly, IT IS ORDERED that Judge DeSoto's Findings and Recommendation (Doc. 4) is ADOPTED IN FULL.

IT IS FURTHER ORDERED that Mr. Shoupe's complaint (Doc. 2) is DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that the Court certifies, pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure, that any appeal from this disposition would not be taken in good faith because the complaint fails to state any plausible claim for relief and amendment would be futile.

The Clerk of Court shall enter a judgment of dismissal by separate document and close the case file.

DATED this 13th day of December, 2022.

*Dana L. Christensen*
Dana L. Christensen, District Judge
United States District Court